# EXHIBIT 1

21 – CV – 0731
DCCICMR
Citation by Certified Mail and Return
2212825

**CITATION BY CERTIFIED MAIL (TRC 106)**

**THE STATE OF TEXAS**

Cause No: 21-CV-0731
405th District Court of Galveston County

JOHN D. KINARD
CLERK DISTRICT COURT
FILED
JUN 16 2021
BY GALVESTON COUNTY, TEXAS
DEPUTY

ANNIE LLOREDA VS. DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL CORPORATION, ET AL

TO: **Dolgencorp of Texas, Inc.  D/B/A Dollar General Corporation And Dollar General Store #12879**
Registered Agent Corporation Service Company  dba CSC-Lawyers Incorporating Service Company
211 E 7th Street Suite 620
Austin TX  78701-3218

Defendant Greetings:

> **NOTICE TO DEFENDANT: "You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.** *TRCP. 99*

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the **405th District Court** of Galveston County, at the Courthouse in said County in Galveston, Texas. Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. Said Plaintiff's **Original Petition - OCA** was filed in said court on the **28th day of May, 2021** in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of the petition accompany this citation and made a part hereof.

Issued and given under my hand and the seal of the Said Court at Galveston, Texas, on the **2nd day of June, 2021.**

Issued at the request of
Emmerico T Nepomuceno
Law Office of Merick Nepomuceno PC
1800 West Loop South Suite #220
Houston TX 77027



John D. Kinard, District Clerk
Galveston County, Texas

By:  *Robin Gerhardt*

Robin Gerhardt, Deputy

**SEE ATTACHED FORM**    *NOTE: Status Conference set: 08/26/2021*

**CERTIFICATE OF DELIVERY BY CERTIFIED MAIL**

Came to hand on the **6/2/2021** at ___ **3:00** o'clock P. M. and executed on the ___ **7th** ___ day of ___ *June* ___ , 20 **21** , at _____ o'clock ___. M., by mailing the same to Dollar General Store #12879, Defendant by **registered, certified mail with delivery Restricted to** addressee only, return receipt requested, a true copy of this citation with a copy of the petition were attached thereto.

**JOHN D. KINARD, District Clerk Galveston County, Texas**

Authorized Person

BY:  *Robin Gerhardt* , Deputy Clerk

| Service Fee: $ | |
|---|---|
| Certified Tracking Mail<br><br>No. 9414 7266 9904 2170 8478 79 | Place sticker here<br><br>**Certified Article Number**<br>9414 7266 9904 2170 8478 79<br>**SENDER'S RECORD** |
| Signed for on<br>6/07/2021 | Signed By: *Anna Mendoza* |

Return Receipt (Form 3811) Barcode

9590 9266 9904 2170 8478 72

1. Article Addressed to:

Dolgencorp of Texas, Inc.
D/B/A Dollar General Corporation
And Dollar General Store #12879
211 E 7th Street Suite 620
Austin, TX 78701

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2170 8478 79

PS Form 3811, Facsimile, July 2015

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Anna Mendoza
☐ Agent
☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
MAY 17 2021

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type:
☒ Certified Mail
☒ Certified Mail Restricted Delivery
Reference Information
Cause No: 21-CV-0731
Robin Gerhardt

Domestic Return Receipt

---

USPS TRACKING #

9590 9266 9904 2170 8478 72

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service®

● Sender: Please print your name, address and ZIP+4® below ●

JOHN D KINARD
GALVESTON COUNTY DISTRICT CLERK
600 59TH STREET SUITE 4001
PO BOX 17250
GALVESTON TX 77551-9900

Filed: 5/28/2021 2:41 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 53931570
By: Shailja Dixit
5/28/2021 3:40 PM

CAUSE NO. **21-CV-0731** _____

| | | |
|---|---|---|
| ANNIE LLOREDA | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | |
| | § | GALVESTON COUNTY, TEXAS |
| DOLGENCORP OF TEXAS, INC. D/B/A | § | |
| DOLLAR GENERAL CORPORATION | § | **Galveston County - 405th District Court** |
| AND DOLLAR GENERAL STORE #12879 | § | _____JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUIRED INITIAL DISCLOSURES

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes Now, ANNIE LLOREDA, Plaintiff, and makes and files this Original Petition

complaining of DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL

CORPORATION AND DOLLAR GENERAL STORE #12879, Defendants, and in support of her

cause of action would respectfully show the Court the following:

### I.
### DISCOVERY CONTROL PLAN

This case will be conducted under Level 2 of Tex. R. Civ. P. 190. In accordance with

Tex. R. Civ. P.47. Plaintiff seeks monetary relief over $100,000 but not more than $200,000.

### II.
### PARTIES

The Court has jurisdiction over the parties because Defendants are registered and

transacting business under the law of the State of Texas.

This Court has jurisdiction over the parties because the damages are within the

jurisdictional limits of the Court.

Venue is proper in Galveston County because pursuant to §15.002 (a) (l) of the Texas Civil

Practice and Remedies Code, Galveston County is the county in which all or a substantial part of

the events or omissions giving rise to the claim occurred.

1

**Status Conference - 08/26/2021**

## III.
## PARTIES

Plaintiff, ANNIE LLOREDA is an individual and a resident of Dickinson, Galveston County, Texas. The last three digits of Plaintiff's social security number are 304.

Defendants, DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL CORPORATION AND DOLLAR GENERAL STORE #12879 is a corporation or other entity doing business in the state of Texas and may be served with process through its registered agent, Corporation Service Company dba CSC-Lawyers Incorporating Service Company, at 211 E 7th Street, Suite 620, Austin, Texas 78701-3218.

## IV.
## MISNOMER AND ALTER EGO

In the event that any parties are misnamed or not included herein, it is Plaintiff's contention that such was a misnomer and/or such parties are/were alter egos of parties names herein, specifically, it is Plaintiff's intent to bring suit against the owners and/or operators of "Dolgencorp of Texas, Inc. dba Dollar General Corporation and Dollar General Store #12879.

## V.
## FACTS

On or about May 31, 2019, during normal business hours, Plaintiff entered the Defendants' business premises located at 408 FM 517, Dickinson, Texas 77539. At that time, Defendants extended an open invitation to the public, including Plaintiff Lloreda, to enter the premises and purchase goods sold by the Defendants. Plaintiff Lloreda, a customer, entered the premises as a business invitee to whom Defendants owed the duty to use ordinary care in making its premises reasonably safe/and/or warning Plaintiff Lloreda of any dangerous conditions and/or activities that existed upon the premises.  On the occasion, Plaintiff slipped and fell on a slippery substance which had previously spilled onto the floor, and that had remained on the floor/area in the store

2

which is controlled and owned by Defendants. Plaintiff suffered injuries to her left knee, left leg, including the area behind her left knee, and lower back. Defendants were the proximate cause of the injuries and damages more specifically described herein.

## VI.
## PREMISES LIABILITY

Defendants are liable under a premise's liability theory as Defendants were in control of the premises at 408 FM 517, Dickinson, Texas 77539. Pleading further, Plaintiff would show that Defendants owed a duty to patrons, clients, and customers, including Plaintiff Lloreda, to exercise ordinary care in the manner in which it maintained its premises. Plaintiff would further show that Defendants failed to use ordinary care in these respects, including but not limited to:

a. failing to properly supervise Defendants' personnel;

b. failing to implement adequate policies, procedures, and safeguards to ensure that substances spilled on the floor of their premises were completely cleaned to prevent the situation that resulted in Plaintiff's damages;

c. failing to provide adequate oversight for such employees;

d. failing to inspect the premises where the dangerous condition existed; and,

e. failing to maintain the common are of the premises in a reasonably safe condition.

The location and slippery condition of the substance posed a risk of harm to invitees of Defendants of which Defendants knew, or reasonably should have known.

## VII.
## NEGLIGENCE

Defendants owed a legal duty to Plaintiff Lloreda. Specifically, Defendants owed a duty to exercise reasonable are in maintaining a safe condition. Defendants owed a duty to make sure

3

the condition of the store aisle remained safe, especially when invitees such as Plaintiff Lloreda were present.

On the occasion in question, Defendants, by and through its agents and/or employees, breached the duty owed to Plaintiff Lloreda, and proximately caused Plaintiff's injuries by:

a.  failing to inspect the premises where the dangerous condition existed;

b.  failing to inform/warn Plaintiff of the dangerous condition existing on the premises;

c.  failing to take reasonable measures to eliminate the dangerous condition;

d.  failing to maintain the common area of the premises in question in a reasonably safe condition and free of hazards to Plaintiff Lloreda and other invitees;

e.  permitting the premises in question to remain in its dangerous condition; and

f.  failing to take reasonable measures to protect Plaintiff Lloreda and other invitees from foreseeable risk of harm.

## VIII.
## DAMAGES

As a result of Defendants' negligent acts and omissions, Plaintiff was injured and brings this lawsuit for the following damages:

a.  Past and future pain and suffering;

b.  Past and future mental anguish;

c.  Past and future physical impairment;

d.  Past and future medical expenses; and,

e.  Past and future lost wages and loss of earning capacity

All of the injuries sustained by Plaintiff, were proximately caused by the negligent acts of the Defendants sued herein. By reason of the above and foregoing, Plaintiff has been damaged in a sum to be determined by the jury based on their good judgement and the facts.

4

## IX.
## PRE- AND POST-JUDGMENT INTEREST

In addition, Plaintiff further pleads that she be granted pre-judgment interest at the maximum rate allowed by law, commencing on the thirtieth day from and after the sum is due and payable, until date of judgment; together with post-judgment interest at the maximum rate allowed by law from date of judgment until the judgment has been paid in full.

## X.
## REQUIRED INITIAL DISCLOSURES

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs propound the Required Initial Disclosures on Defendants. Please take notice that you must offer your responses to the Required Initial Disclosures within thirty (30) days of the filing of the first answer.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear in terms of law to appear and answer herein, and that upon trial hereof, Plaintiff have judgement against Defendants in an amount in excess of the minimum jurisdictional limits of this Court, for such other and further relief, both general and special, at law and in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**LAW OFFICE OF MERICK
NEPOMUCENO, P.C.**
/S/ EMMERICO T. NEPOMUCENO
Emmerico T. Nepomuceno
State Bar No. 00784669
1800 West Loop South, Suite #220
Houston, Texas 77027
Telephone (713) 977-7988
Facsimile (713) 977-0630
mericknepo@yahoo.com
ATTORNEY FOR PLAINTIFF
ANNIE LLOREDA

5

Filed: 6/25/2021 3:28 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 54799981
By: Rolande Kain
6/25/2021 3:38 PM

CAUSE NO. 21-CV-0731

| | | |
|---|---|---|
| ANNIE LLOREDA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | GALVESTON COUNTY, TEXAS |
| DOLGENCORP OF TEXAS, INC. D/B/A | § | |
| DOLLAR GENERAL CORPORATION | § | |
| AND DOLLAR GENERAL STORE #12879 | § | 405th JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF THE COURT:

Defendant, DOLGENCORP OF TEXAS, INC., files this Original Answer to the Plaintiff's

Original Petition and would respectfully show the Court the following:

### SPECIAL EXCEPTIONS

1.      Defendant specially excepts because Plaintiff has failed to properly state in any paragraph the

correct amount of monetary relief sought pursuant to Rule 47 of the Texas Rules of Civil Procedure.

Defendant asks this Court to order Plaintiff to re-plead with the required specificity within fourteen

(14) days of the order of the same.

### GENERAL DENIAL

2.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies all

allegations contained in the *Plaintiff's Original Petition*, and in any amended or supplemental

petitions which may be filed by Plaintiff after this date, and respectfully requests that Plaintiff be

required to prove her allegations against Defendant by a preponderance of the evidence.

3.      Defendant respectfully reserves the right to file an amended answer in this cause in the

manner authorized by the Texas Rules of Civil Procedure.

### AFFIRMATIVE DEFENSES

4.      Defendant asserts by way of affirmative defense that at the time and on the occasion in

question, Plaintiff Annie Lloreda ("Plaintiff Lloreda") failed to exercise that degree of care which

an ordinary person would have exercised under same or similar circumstances, and that such negligence was the sole proximate cause of Plaintiff's damages, if any. In the alternative, if Plaintiff Lloreda's negligence was not the sole proximate cause of Plaintiff's damages, then it was at least fifty-one percent (51%) of the cause of the alleged damages, if any.

5.      Pleading further, Defendant asserts by way of affirmative defense that the incident made the basis of this lawsuit and the damages claimed by Plaintiff Lloreda herein were solely caused by persons, entities, instrumentalities, or factors other than Defendant and over whom Defendant possesses no right of control or responsibility.

## RIGHT TO CREDIT/PROPORTIONATE RESPONSIBILITY

6.      Answering further, without waiving the foregoing, Defendant asserts entitlement to reduce the amount of damages to be recovered by the claimant to the fullest extent allowed by Chapters 32 and 33 of the Texas Civil Practice and Remedies Code and Defendant asserts its right to have each claimant, settling person and responsible third party submitted to the jury to determine percentages of responsibility for those causing or contributing to the damages sought.

## DEFENSES TO ECONOMIC DAMAGES

7.      Answering further, without waiving the foregoing, Defendant asserts all provisions of Chapter 41 of the Texas Civil Practice & Remedies Code and all of its appropriate subsections which limit the amount of exemplary damages which may be awarded, if claimed, and limits recovery of medical expenses to the amount actually paid by or on behalf of the Plaintiff. Section 41.0105 not only limits the Plaintiff's recovery but also precludes evidence of expenses that neither the Plaintiff nor anyone acting on his behalf paid or are actually liable for paying. *Aaron Glenn Haygood v. Margarita Garza De Escabedo*, Dkt. 09-0377, (Tex. July 1, 2011), *affirming De Escabedo v. Haygood*, 283 S.W.3d 3 (Tex. App.—Tyler 2009).

2

8.      Answering further, without waiving the foregoing, Defendant asserts the limitation on recovery set forth in Texas Civil Practice & Remedies Code section 18.091(a) and (b) which limits awards for loss of earning capacity, if made, to net loss after federal income tax. TEX. CIV. PRAC. & REM. CODE ANN. §18.091.

## DEMAND FOR JURY TRIAL

9.      Defendant respectfully demands a jury trial of all issues in this cause pursuant to Tex. R. Civ. P. 216. Defendant hereby tenders the appropriate fee to the clerk of the court.

## PRAYER

WHEREFORE, Defendant, DOLGENCORP OF TEXAS, INC., prays that:

a.      Plaintiff takes nothing by this suit and Plaintiff be discharged with her costs;

b.      On final hearing of Plaintiff's claims, the claims against Defendant be dismissed with prejudice; and

c.      Defendant recovers all costs, together with such other relief, both general and special, to which he may be justly entitled.

Respectfully submitted,

**LUCERO | WOLLAM, P.L.L.C.**

GINA A. LUCERO
TBN: 00791144
STEFAN A. GINNARD
TBN: 24086440
1776 Yorktown, Suite 100
Houston, Texas 77056
Telephone: (713) 225-3400
Facsimile: (713) 225-3300
Email: glucero@lucerowollam.com
Email: sginnard@lucerowollam.com

**ATTORNEYS FOR DEFENDANT
DOLGENCORP OF TEXAS, INC.**

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 25ᵗʰ day of June, 2021, a true and correct copy of the foregoing was sent or delivered to all parties through counsel of record pursuant to Rule 21a T.R.C.P.

***Via E-Service:***
LAW OFFICE OF MERICK NEPOMUCENO, P.C.
Emmerico T. Nepomuceno
1800 West Loop South, Suite #220
Houston, Texas 77027

_____
GINA A. LUCERO

Filed: 6/29/2021 3:01 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 54896136
By: Lisa Kelly
6/29/2021 3:08 PM

CAUSE NO. 21-CV-0731

| | | |
|---|---|---|
| ANNIE LLOREDA | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | |
| | § | GALVESTON COUNTY, TEXAS |
| DOLGENCORP OF TEXAS, INC. D/B/A | § | |
| DOLLAR GENERAL CORPORATION | § | |
| AND DOLLAR GENERAL STORE #12879 | § | 405th JUDICIAL DISTRICT |

## MOTION FOR NON-SUIT WITH PREJUDICE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Annie Lloreda, Plaintiff, and files this Motion for Non-Suit with Prejudice as follows:

1.      Plaintiff filed the above-entitled and numbered cause against Defendants, Dolgencorp of Texas, Inc. d/b/a Dollar General Corporation and Dollar General Store #12879. Plaintiff no longer wishes to prosecute their claim matter against Defendant Dollar General Store #12879 and asks that any and all causes of action against Defendant Dollar General Store #12879 be removed from this case.

2.      Plaintiff requests that the Court enter a Non-Suit with Prejudice against Defendant Dollar General Store #12879, effective immediately upon filing of this Motion.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays the Court grant this Motion and enters an Order granting the Non-suit with Prejudice against Defendant Dollar General Store #12879 as requested herein.

{SIGNATURE ON FOLLOWING PAGE}

Respectfully submitted,

**LAW OFFICE OF MERICK
NEPOMUCENO, P.C.**

/S/ EMMERICO T. NEPOMUCENO
Emmerico T. Nepomuceno
State Bar No. 00784669
1800 West Loop South, Suite 220
Houston, TX 77027
Telephone (713) 977-7988
Facsimile (713) 977-0630
mericknepo@yahoo.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on June 29, 2021 a true and correct copy of the foregoing instrument was served on all interested parties in accordance with the Texas Rules of Civil Procedure.

/S/ EMMERICO T. NEPOMUCENO
Emmerico T. Nepomuceno

**Via E-Service:**

Gina A. Lucero
Stefan A. Ginnard
Lucero Wollam, P.L.L.C.
1776 Yorktown, Suite 100
Houston, Texas 77056
Telephone: (713) 225-3400
Facsimile: (713) 225-3300
glucero@lucerowollam.com
sginnard@lucerowollam.com
Attorneys for Defendant Dolgencorp of Texas, Inc.

CAUSE NO. 21-CV-0731

| ANNIE LLOREDA | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | |
| | § | GALVESTON COUNTY, TEXAS |
| DOLGENCORP OF TEXAS, INC. D/B/A | § | |
| DOLLAR GENERAL CORPORATION | § | |
| AND DOLLAR GENERAL STORE #12879 | § | 405th JUDICIAL DISTRICT |

## ORDER FOR NON-SUIT WITH PREJUDICE

On _____, 2021, the Court considered the Plaintiff's Motion to Non-Suit

Defendant DOLLAR GENERAL STORE #12879 and, after reviewing the basis for the motion,

the Court has determined that it has merit and said motion is hereby GRANTED. It is therefore

ORDERED that any and all claims and causes of action filed by Plaintiff against Defendant

DOLLAR GENERAL STORE #12879 are dismissed with prejudice, and that all parties are to bear

their own costs and attorney's fees.

**SIGNED** on this _____day of _____,2021.

_____
JUDGE PRESIDING

APPROVED AS TO FORM AND CONTENT AND ENTRY REQUESTED:

**LAW OFFICE OF MERICK NEPOMUCENO, P.C.**
/S/ EMMERICO T. NEPOMUCENO
Emmerico T. Nepomuceno
State Bar No. 00784669
1800 West Loop South, Suite 220
Houston, TX 77027
Telephone (713) 977-7988
Facsimile (713) 977-0630
mericknepo@yahoo.com
Attorney for Plaintiff

# CASE SUMMARY
## CASE NO. 21-CV-0731

| | |
|---|---|
| Annie Lloreda vs. Dolgencorp of Texas, Inc. d/b/a Dollar General Corporation, Et Al | § § § § § § |

| | |
|---|---|
| Case Type: | **Injury/Damage - Other** |
| Subtype: | **Personal Injury** |
| Date Filed: | **05/28/2021** |
| Location: | **405th District Court** |
| Judicial Officer: | **Robinson, Jared** |

---
### PARTY INFORMATION
---

**Defendant**  **Dolgencorp of Texas, Inc.** *Doing Business As* **Dollar General Corporation**
  Registered Agent, Corporation Service Company
  dba CSC-Lawyers Incorporating Service Company
  211 E 7th Street, Suite 620
  Austin, TX 78701-3218

**Lead Attorneys**
**Gina Aileen Lucero**
 *Retained*
7132253400(W)
7132253300(F)
glucero@lucerowollam.com

**Defendant**  **Dollar General Store #12879**
  Registered Agent, Corporation Service Company
  dba CSC-Lawyers Incorporating Service Company
  211 E 7th Street, Suite 620
  Austin, TX 78701-3218

**Plaintiff**  **Lloreda, Annie**
  1800 West Loop South, Suite #220
  N/A
  Houston, TX 77027

**Emmerico T. Nepomuceno**
 *Retained*
713-977-7988(W)
mericknepo@yahoo.com

---
### EVENTS & ORDERS OF THE COURT
---

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 05/28/2021 | **Original Petition - OCA** |
| | *Original Petition* |
| 05/28/2021 | **Request for Civil Service** |
| | *Service Request, 1 Citation by C/M* |
| 05/28/2021 | **Request for Civil Service** |
| | *Service Request, 1 Citation by C/M* |
| 05/28/2021 | **Status Conference Sheet** |
| | *Emailed to Atty.* |
| 05/28/2021 | **Receipt Acknowledge** |
| | *Emailed Status Conf. Sheet to Atty.* |
| 06/02/2021 | **Citation by Certified Mail Issuance - Work Product** |
| | *Issued 1 citation @ $8.00 along with status conference. Mailed by C/M mail/RG* |
| 06/02/2021 | **Citation by Certified Mail Issuance - Work Product** |
| | *Issued 1 citation @ $8.00 along with status conference. Mailed by C/M mail/RG* |
| 06/16/2021 | **Citation by Certified Mail and Return** |
| 06/16/2021 | **Citation by Certified Mail and Return** |
| 06/25/2021 | **Original Answer** |
| | *DEFENDANT S ORIGINAL ANSWER AND JURY DEMAND* |
| 06/29/2021 | **Motion** |
| | *Motion for Nonsuit* |
| 06/29/2021 | **Proposed Order (unsigned)** |
| | *Order for Nonsuit* |
| 08/26/2021 | **Status Conference**  (10:00 AM) (Judicial Officer Robinson, Jared) |

---
**Unofficial Record**
---