United States District Court
Southern District of Texas
**ENTERED**
January 24, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| ANNIE LLOREDA, | § § | |
| Plaintiff. | § § | |
| VS. | § § | CIVIL ACTION NO. 3:21-cv-00171 |
| DOLGENCORP OF TEXAS, INC. d/b/a DOLLAR GENERAL CORPORATION, et al., | § § § § § | |
| Defendants. | § | |

## ORDER AND OPINION

This is a premises liability lawsuit arising out of a slip-and-fall incident that occurred on May 31, 2019, at a Dolgencorp of Texas, Inc. ("Dolgencorp") store located in Dickinson, Texas. Plaintiff Annie Lloreda ("Lloreda") alleges she slipped and fell on a liquid substance on the ground, resulting in severe personal injuries.

Before me is Lloreda's motion to strike, which seeks to exclude the testimony of Dolgencorp's retained expert witnesses, Dr. Stephen L. Jones and Dr. Case Ricks.[1] *See* Dkt. 24. Dolgencorp opposes the motion to strike the expert witnesses

---

[1] District courts in the Fifth Circuit have universally treated motions to strike expert testimony as non-dispositive matters within the statutory jurisdiction of magistrate judges. *See Medina v. TBC Transp., LLC*, No. 5-17-CV-00922-FB-RBF, 2018 WL 7502551, at *1 (W.D. Tex. Sept. 17, 2018) (concluding that motions to exclude expert testimony are non-dispositive motions a magistrate judge can decide); *Herron v. Baptist Mem'l Healthcare Corp.*, No. 2:06CV114-P-A, 2007 WL 9735526, at *1 (N.D. Miss. June 1, 2007) ("A magistrate judge's order regarding striking experts for failure to adequately conform with applicable Local Rules or the Federal Rules of Civil Procedure is inextricably tied to the discovery process, and, therefore, such orders on motions to strike are considered non-dispositive."); *Morehouse v. Ameriquest Mortg. Co.*, No. 9:05-CV-75, 2005 WL 8160875, at *1 n.1 (E.D. Tex. July 14, 2005) ("A motion to strike is procedural and non-dispositive in nature and, consequently, may be referred to a United States Magistrate Judge for ultimate determination.").

and, in the alternative, asks me to strike the affidavits Lloreda has offered pursuant to Texas Civil Practice and Remedies Code § 18.001.[2] *See* Dkt. 28.

To put this dispute into the proper perspective, let me provide some background information. A few months after this case was removed to federal court, Lloreda's counsel filed affidavits from various healthcare providers that purportedly attested to both the reasonableness and necessity of Lloreda's treatment and medical expenses. At first blush, it appears as if Lloreda filed these affidavits in an attempt to comply with § 18.001, which provides a limited exception to the general rule that expert testimony is required to establish that medical expenses are reasonable and necessary. Section 18.001 allows plaintiffs to submit affidavits to prove up the necessity and reasonableness of medical expenses. Section 18.001(b) provides:

> Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary. The affidavit is not evidence of and does not support a finding of the causation element of the cause of action that is the basis for the civil action.

TEX. CIV. PRAC. & REM. CODE § 18.001(b). The statute requires that the affidavit be made by "the person who provided the service" or "the person in charge of records showing the service provided and charge made." *Id.* § 18.001(c).

In response to Lloreda's filing of the medical billing affidavits, Dolgencorp submitted counter-affidavits of Dr. Jones and Dr. Ricks, as required by § 18.001(e).

---

[2] A motion to strike an affidavit or a declaration is considered a non-dispositive motion because it addresses evidentiary issues, not the ultimate issue in the case. As a result, a magistrate judge can rule on a motion to strike an affidavit or declaration by order as opposed to a Report and Recommendation. *See Berry v. Specialized Loan Servicing, LLC*, No. 218CV02721SHLDKV, 2020 WL 4698318, at *3 (W.D. Tenn. Aug. 13, 2020); *Jarvis v. Carnival Corp.*, No. 1:16-CV-23727, 2017 WL 11219487, at *2 (S.D. Fla. July 31, 2017); *Flores v. Phoenix Grp. Metals, L.L.C.*, No. CIV.A. H-10-5143, 2013 WL 1309153, at *1 (S.D. Tex. Feb. 14, 2013).

In their affidavits, Dr. Jones and Dr. Ricks challenge the medical necessity and reasonableness of charges for medical treatment Lloreda received from four medical facilities.

### Lloreda's Motion to Strike the Testimony of Dr. Jones and Dr. Ricks

In her motion to strike, Lloreda argues that any testimony from Dr. Jones and Dr. Ricks should be excluded because Dolgencorp has failed to provide any information required by Federal Rule of Civil Procedure 26(a)(2) concerning testifying experts. Separately, Lloreda argues that the testimony from Dr. Jones and Dr. Ricks does not meet the standards for expert testimony established by Rule 702 and the Supreme Court's landmark decision in *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Lloreda's motion to strike is denied because it is premature. Very premature. The docket control order I signed in September sets various deadlines that govern this case. The deadline for Dolgencorp to identify experts and produce expert reports in the form required by Rule 26(a)(2)(B) is June 3, 2022. That is not a misprint. The deadline is roughly four and a half months away—so far into the future that by the time June 3, 2022 rolls around, most major league baseball teams will have played more than 50 regular-season games (assuming the work stoppage ends), the Class of 2022 will have celebrated graduation and entered the workforce, and the Brooklyn Nets and Golden State Warriors will be battling it out in the NBA Finals.[3] Because Dolgencorp is not obligated to identify its experts or produce reports until June 3, 2022, now is not the time to challenge the sufficiency of its experts. After the expert deadline passes, we can take a close look at whether Dolgencorp's designated experts are qualified to testify and whether their "testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597.

---

[3] The Nets-Warriors matchup is a prediction. We will see if it comes to fruition. If it does, please refer to me a Judge Nostradamus Edison.

## Dolgencorp's Motion to Strike Lloreda's
## § 18.001 Affidavits

At each and every law school scattered across this vast nation, law professors drill into the heads of impressionable first-year law students that federal courts sitting in diversity are required to apply state substantive law and federal procedural law. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). This is known as the *Erie* doctrine. Although the concept sounds simple and straightforward, "[c]lassification of a law as 'substantive' or 'procedural' for *Erie* purposes is sometimes a challenging endeavor." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

To determine whether the state law reflects a substantive state policy or is purely procedural, federal courts first look to the final decisions of the state's highest court. *See Baker v. RR Brink Locking Sys., Inc.*, 721 F.3d 716, 717 (5th Cir. 2013); *Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 993 (5th Cir. 1999). As recognized by the United States Supreme Court, "federal courts in diversity cases must respect the definition of state-created rights and obligations by the state courts." *Byrd v. Blue Ridge Rural Elec. Coop., Inc.*, 356 U.S. 525, 535 (1958). If there is no final decision emanating from the state's highest court, "it is the duty of the federal court to determine as best it can, what the highest court of the state would decide." *Lampton v. Diaz*, 661 F.3d 897, 899 (5th Cir. 2011) (quotation omitted).[4]

In this case, I need not delve into a detailed *Erie* analysis since the Texas Supreme Court has, on multiple occasions, expressly characterized § 18.001 as "purely procedural." In 2011, the Texas high court described § 18.001(b) as "purely

---

[4] To determine whether a law is substantive or procedural for *Erie* purposes in the absence of a decision from the state's highest court, a district court must "employ an 'outcome-determination' test, under which the outcome of a case brought under diversity jurisdiction 'should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court.'" *Olson v. Schnauder*, 841 F. App'x 637, 840–41 (5th Cir. 2020) (quoting *Gasperini*, 518 U.S. at 427–28)). Application of this test "must be guided by 'the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws.'" *Gasperini*, 518 U.S. at 428 (quoting *Hanna v. Plumer*, 380 U.S. 460, 468 (1965)).

procedural, providing for the use of affidavits to streamline proof of the reasonableness and necessity of medical expenses." *Haygood v De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011). Then, seven years later, in 2018, the Texas Supreme Court reaffirmed its previous holding: "We reiterate that an affidavit served under section 18.001 is 'purely procedural' and does not amount to conclusive evidence of the expenses." *Gunn v McCoy*, 554 S.W.3d 645, 674 (Tex. 2018). There is no ambiguity or confusion in these decisions. The Texas Supreme Court has spoken, and its analysis of Texas law must be respected. *See Brown v. Burlington Coat Factory of Tex. Inc.*, 516 F. Supp. 3d 693, 695 (S.D. Tex. 2021) ("[T]he Texas Supreme Court has clearly stated that § 18.001 is a procedural rule, not a substantive provision of law."); *Baird v. Shagdarsuren*, No. 3:17-CV-2000-B, 2019 WL 2286084, at *2 (N.D. Tex. May 29, 2019) ("Because the Texas Supreme Court has now held that § 18.001 is a procedural rule, the statute is inapplicable in federal court."); *Holland v. United States*, No. 3:14-CV-3780-L, 2016 WL 11605952, at *1 (N.D. Tex. July 21, 2016) ("As the Texas Supreme Court has explicitly characterized Section 18.001 as procedural, the statute is not applicable in this action.").

In light of the Texas Supreme Court's now twice explicit holding that § 18.001 is a procedural rule, district courts in the Southern District of Texas are uniform in their approach: § 18.001 does not apply in federal court. *See Gonzalez v. Inter Mexicana De Transporte S.A. de C.V.*, No. 5:19-CV-156, 2021 WL 3816338, at *3 (S.D. Tex. July 22, 2021) (Kazen, J.); *Escobar v. Duke Realty Corp.*, No. CV-H-20-4124, 2021 WL 1326285, at *3 (S.D. Tex. Apr. 8, 2021) (Miller, J.); *Martinez v. Ritter*, No. CV H-20-711, 2021 WL 3913593, at *2 (S.D. Tex. Apr. 5, 2021) (Hittner, J.); *Brown*, 516 F. Supp. 3d at 695 (Eskridge, J.);[5] *Espinoza v. State Farm Mut. Auto. Ins. Co.*, No. 7:19-CV-00299, 2020 WL 4333558, at *5 (S.D. Tex. July

---

[5] On a completely unrelated note, I have always found it interesting that Judge Eskridge is such a harsh critic of footnotes, expressly stating in his court procedures that he "disfavors footnotes and discourages their use." *See* Rule 18(d) for Hon. Charles Eskridge, available at https://www.txs.uscourts.gov/sites/txs/files/CRE%20Court%20Procedures%202020.06.22.pdf. Although I respect Judge Eskridge a great deal, I disagree with him on the hotly divisive topic of footnotes.

28, 2020) (Alvarez, J.); *Akpan v. United States*, No. CV H-16-2981, 2018 WL 398229, at *3 (S.D. Tex. Jan. 12, 2018) (Atlas, J.).[6] Today, I join this august group of jurists and hold that § 18.001 is not applicable in federal court. As a result, I strike the § 18.001 affidavits Lloreda has offered in this case from: (a) Barrier Reef Emergency Physicians; (b) Breeze MRI; (c) City of League City EMS; (d) Clear Lake Imaging; (e) First Facility, LLC; (f) Hillcroft Medical Clinic; (g) Houston Scoliosis & Spine Institute; (h) League City Spine and Injury; (i) Memorial Wellness Pharmacy; (j) Midtown Houston Open MRI & CT; (k) Nuadvance Orthopedics, PLLC; (l) Orthopedic Clinic of Galveston; (m) Priority Health & Wellness, PLLC; (n) Spine & Orthopedic Surgical Institute; (o) Texas Rehab Institute; and (p) UTMB Health League City.[7]

## CONCLUSION

For the reasons discussed above, I (1) **DENY** Plaintiff's Motion to Strike the Testimony of Dolgecorp's Retained Expert Witnesses, Stephen L. Jones, MD, and Case Ricks, D.C. (Dkt. 24), and (2) **GRANT** Dolgencorp's Alternative Motion to Strike Plaintiff's § 18.001 Affidavits (Dkt. 28).

SIGNED this 24th day of January 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[6] I also note that my good friend and colleague, Judge Jeffrey V. Brown, who sat on the Texas Supreme Court before his appointment to the federal bench in Galveston, joined the majority opinion in the 2018 case in which the Texas Supreme Court described § 18.001 as a "purely procedural" rule. *See Gunn*, 554 S.W.3d at 674.

[7] I must admit that I am at a loss to understand why Lloreda submitted a cascade of § 18.001 affidavits in this case when her briefing expressly acknowledges that § 18.001 "is purely procedural and thus not applicable in Federal Court." Dkt. 24 at 3.